IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY A. POPE,

                Plaintiff,                Case No. 3:08 CV 2496

  -vs-

                                             MEMORANDUM OPINION

1ST CONSOLIDATED FIRE DISTRICT,
et al.,

                Defendant.

KATZ, J.

      Now pending is the motion of the defendants, First Consolidated Fire District, Randy Stafford, and Jason Slone, for summary judgment (Doc. 29). The motion will be granted in part, and the case dismissed.

**I. Background**

      The Court will summarize the facts only briefly, as only few are relevant to the legal issues herein presented. Plaintiff Kimberly Pope was hired in August 2002 as a part-time firefighter and emergency medical technician at the First Consolidated Fire District ("Fire District"), which provides fire and emergency medical services to parts of Marion County, Ohio. Twice in 2007, she applied to become a full-time firefighter, but her application was rejected by the Fire District's Board of Trustees ("the Board") after she failed to gain the recommendation of her supervisors at First Consolidated, Stafford and Slone. Pope resigned from First Consolidated in April 2008 and now works full-time at Grant Hospital.

      On October 4, 2007, after her application for a full-time position had twice been rejected, Pope filed a charge with both the Ohio Civil Rights Commission (OCRC) and Equal Opportunity Employment Commission (EEOC). (Doc. 29, Attachment 1, Exh. A). The EEOC/OCRC charge

letter brought claims for failure to promote and retaliation arising from Pope's being passed over twice for promotion to full-time firefighter. The charge letter named the Board as respondents, as well as the defendants in this action. *Id.* On July 10, 2008, the OCRC issued a letter of determination finding 'no probable cause' to believe a violation occurred. (Doc. 29, Attachment 1, Exh. B). The EEOC issued a right-to-sue letter on July 21, 2008. (Doc. 29, Attachment 1, Exh. C). The instant action was filed in this Court on October 21, 2008.

The Complaint (Doc. 1) includes claims under Title VII for failure to promote, hostile work environment, and retaliation. First Consolidated Fire District is the only defendant named in connection with the Title VII claims. Pope also brings three counts of sexual harassment under Ohio Rev. Code § 4112.99; these are asserted against all of the defendants. There are also two claims under R.C. § 4112.99 against the individual defendants for aiding and abetting sex discrimination and for retaliation. Finally, Pope brings two claims arising under Ohio common law, for tortious interference with employment relations and negligent retention, against all defendants.

**II. Standard of Review**

Pursuant to Fed. Rule Civ. P. 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id.* When considering a motion for summary judgment, a court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, a court determines only whether the case

contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

**III. Discussion**

In her response brief, Pope abandoned her Title VII hostile work environment claim, conceding that this claim had not been stated in her EEOC/OCRC charge letter and therefore could not successfully be pursued in this court. (See Doc. 35 ["Plaintiff's Memorandum Contra"] at 24). Therefore, the only two federal claims remaining are for failure to promote and for retaliation. The Court will consider these in turn before moving to Pope's state-law claims.

*A. Failure to Promote*

The failure to promote claim cannot survive summary judgment because uncontradicted evidence indicates that the Board, not the Fire District, was responsible for the hiring decisions here at issue. During the hiring process, Stafford and Slone, along with Board member Dick Parsell, interviewed various candidates and presented recommendations to the Board. Stafford and Slone did not have authority to hire employees themselves and could do no more than recommend certain candidates to the Board, which then made the ultimate hiring decision. (See Doc. 29, Attachment 10 ["Slone Deposition"] at 101; Doc. 29, Attachment 11 ["Stafford Deposition"] at 32-33; Doc. 29, Attachment 1 at ¶ 4). Although Slone and Stafford may well have been acting as agents of the Board in making these recommendations, there is no basis in the record for attributing the complained-of hiring decisions to the Fire District. Since the Board has not been made a party to this action, Pope's failure-to-promote claim must be dismissed.[1]

---

[1] To be clear, this holding is not based on any finding that the Fire District lacks the capacity to be sued or is legally indistinct from the Board.

*B. Retaliation*

The basis for Pope's Title VII retaliation claim, at this stage of the proceedings, is that Clint Canterbury, who was assistant chief of the Fire District at the time, gave Pope a negative job reference in March 2008, shortly after she had been offered employment as a paramedic by MedFlight of Ohio. MedFlight's offer to Pope was expressly made contingent on "satisfactory results of a complete background check" (Doc. 38, Attachment 5 ["McCluer Deposition"], Exh. D at 2). At this time, Pope was still working part-time for First Consolidated. It is not disputed that Canterbury did indeed provide MedFlight with a negative job reference on Pope. It is also undisputed that MedFlight rescinded its employment offer on March 18, 2008, on the ground that the results of Pope's background check were unsatisfactory.

It is plain from the record, however, that MedFlight would have rescinded Pope's offer even without Canterbury's negative job reference. Instead, MedFlight's decision was based on the damning references it received from Marion General Hospital (MGH), where Pope worked from 2002 until she was terminated in 2005. In speaking with MGH employees, MedFlight discovered that Pope had received poor job evaluations at MGH; was not eligible to be rehired by MGH; and had been terminated due to a "serious disciplinary issue." MedFlight also learned that MGH warned Pope upon her termination that she was not to set foot on MGH property again unless she herself was a patient; this ban was specially imposed on Pope due to an "employee safety issue . . . affecting multiple employees." MGH's human resources director indicated to MedFlight that MGH would seek a restraining order if Pope were to set foot in MGH as a MedFlight employee, as the staff at MGH were "afraid" of the prospect of having to interact with her again. MedFlight considered this a significant problem because MGH was a part-owner of MedFlight as well as one

4

of its largest customers. The evidence is clear that it was these reports that caused MedFlight to rescind Pope's offer, not Canterbury's negative reference. (See Doc. 38, Attachment 4 ["Geist Deposition"] at 40, 41-42, 44, 47, 132,135-136; McCluer Deposition at 18, 41, 44).

To make out a *prima facie* case of unlawful retaliation under Title VII, Pope must demonstrate by a preponderance of the evidence that: 1) she engaged in activity that Title VII protects; 2) the defendant knew that she engaged in this protected activity; 3) the defendant subsequently took an employment action adverse to the plaintiff; and 4) a causal connection exists between the protected activity and the adverse employment action. *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003). Retaliation claims based on negative employment references are cognizable under Title VII. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 339, 346 (1997).

The question raised by the present case is whether a negative job reference may form the basis of a Title VII claim even if the bad reference produced no tangible effect. The Ninth Circuit has answered this question in the affirmative. See *Hashimoto v. Dalton*, 118 F.3d 671 (9th Cir. 1997). The *Hashimoto* panel held that a plaintiff need not allege a "tangible employment harm" to state a claim under Title VII. *Id*. at 675. To require such a showing, the panel reasoned, would "fail[] to recognize the distinction between a violation and the availability of remedies." *Id*. at 676. In this way, the *Hashimoto* panel recognized a cause of action for abstract violations of Title VII that result in no actual detriment to the plaintiff.

The Sixth Circuit has rejected the Ninth Circuit's reasoning. Instead, the Sixth Circuit requires a Title VII plaintiff to show a "tangible employment action", defined as one that produces "a materially adverse change in the terms and conditions of plaintiff's employment" *White v.*

*Burlington Northern & Santa Fe Railway Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc) (internal quotation marks and formatting omitted); see also *id*. at 798 (defining a "tangible employment action" as one that "constitutes a significant change in employment status") (quoting *Burlington Industries v. Ellerth*, 524 U.S. 742, 761 (1998)).  A tangible employment action "in most cases inflicts direct economic harm"; such a decision "requires an official act of the enterprise" and " in most cases is documented in official company records."  *White* at 798 (quoting *Ellerth* at 762).  The reason for insisting on a showing of tangible harm is to "deter[] lawsuits over trivial matters."  *White* at 800.

The negative job reference provided by Canterbury in this case falls well short of meeting the standard set forth in *White* and *Ellerth*.  Canterbury's job reference inflicted no "direct economic harm"; resulted in no change at all in Pope's employment status (much less a significant one); and was not brought about by an "official act of the enterprise."  Because Pope cannot show that she was subject to a materially adverse employment action, her Title VII retaliation claim cannot withstand summary judgment. Cf. *Niehus v. Liberio*, 973 F.2d 526, 531-532 (7th Cir. 1992) (Posner, J.) ("There is no tort without an injury, and this is as true of constitutional as of ordinary torts") (internal citation omitted).

*C. Claims Under Ohio Law*

The remainder of Pope's claims are brought under Ohio law.  These include three counts of sexual harassment under Ohio Rev. Code § 4112.99, brought against all defendants; two counts of aiding and abetting sex discrimination and retaliation under R.C. § 4112.99 against the individual defendants; and two claims arising under Ohio common law against all defendants for tortious interference with employment relations and negligent retention.  Two of the R.C. §

6

4112.99 sexual harassment claims, for failure to promote and for retaliation, are brought against the Fire District. Because the substantive standards applicable to § 4112.99 claims mirror those applicable to Title VII claims, see *Johnson-Romaker v. Kroger Ltd. Partnership One*, 609 F.Supp.2d 719, 723-724 (N.D.Ohio 2009), summary judgment must be granted in favor of the Fire District on Pope's state-law failure to promote and retaliation claims, for the reasons discussed above.

Though Ohio's civil rights laws generally parallel Title VII, the standards for individual liability under R.C. § 4112 differ quite significantly from those of Title VII. Compare *Wathen v. General Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997) ("Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII."), with *Genaro v. Central Transport, Inc.*, 84 Ohio St.3d 293, 300 (1999) ("[Under R.C. § 4112,] individual supervisors and managers are accountable for their own discriminatory conduct occurring in the workplace environment").

Pope's remaining claims thus present difficult questions as to the scope of individual liability under Ohio's civil rights laws, questions which are best left to the Ohio state courts. Having now dismissed all the claims over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3), and the same are dismissed without prejudice.

**IV. Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment (Doc. 29) is granted as to Counts One, Two, and Three of the Complaint. Summary judgment is also granted

7

as to Counts Four and Six of the Complaint as to defendant First Consolidated Fire District. The remainder of the Complaint is dismissed without prejudice.

IT IS SO ORDERED.

                                       s/ *David A. Katz*
                                       DAVID A. KATZ
                                       U. S. DISTRICT JUDGE